UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY L. SANDS, )
)
    Plaintiff, )
)
    v. ) Case No._____
)
WAL-MART STORES EAST, LP, )
)
    Defendant. )

## EMPLOYMENT DISCRIMINATION COMPLAINT

## WITH DEMAND FOR TRIAL BY JURY

The Plaintiff, as and for his Complaint against the Defendant, alleges and states that:

### A. The Parties

1. The Plaintiff is a citizen of Indiana, being a resident Marshall County, Indiana.

2. The Defendant is a limited partnership with its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716.

3. The Defendant is a part of the retail chain commonly known as Walmart.

4. The Defendant operates retail stores in Indiana, including the store known as the Walmart Supercenter #1978 located at 2505 North Oak Drive, Plymouth, Indiana 46563.

5. The Plaintiff is a former employee of the Defendant that worked at the Walmart Supercenter #1978.

1

## B. The Court's Jurisdiction

6. The Plaintiff's Complaint is brought pursuant to Title I and Title V of The Americans With Disabilities Act Of 1990, as amended, (42 U.S.C. § 12101, et seq.), and the enforcement provisions of 42 U.S.C. § 2000e-5 that are incorporated into The Americans With Disabilities Act Of 1990 (42 U.S.C. § 12117 (a), by reason of employment discrimination against the Plaintiff because of physical disability.

7. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a).

## C. EEOC Charge

8. The Plaintiff's employment with the Walmart Supercenter #1978 commenced on March 16, 2019.

9. The Plaintiff's employment with the Walmart Supercenter #1978 terminated on September 3, 2019.

10. On September 30, 2019, the Plaintiff submitted his Intake Questionnaire regarding his claim of discrimination to the Equal Employment Opportunity Commission in Indianapolis, Indiana. The Intake Questionnaire was received by the EEOC on September 30, 2019. A copy of the Intake Questionnaire and the certified mail return receipt signed by the EEOC on September 30, 2019 is attached hereto, incorporated herein by reference, and denoted as Exhibit A.

11. On November 4, 2019, the Plaintiff timely filed his formal Charge of Discrimination Form 5 with the EEOC. A copy of the Charge of Discrimination

and the certified mail return receipt signed by the EEOC on November 4, 2019 is attached hereto, incorporated herein by reference, and denoted as Exhibit B.

12. On February 27, 2019, the EEOC issued its Dismissal and Notice of Rights to the Plaintiff. A copy of the Dismissal and Notice of Rights is attached hereto, incorporated herein by reference, and denoted as Exhibit C.

### D. Allegations In Support of Complaint

13. The Plaintiff is afflicted with Charcot-Marie-Tooth Disease.

14. Charcot-Marie-Tooth Disease is an inherited genetic disease that, generally, causes nerve damage in the peripheral nerves of the arms and legs resulting in smaller and weaker muscles, loss of sensation and muscle contractions, and difficulty walking, among other things.

15. In the Plaintiff's situation, his Charcot-Marie-Tooth Disease causes difficulty in manually sorting and "counting out" money, holding a pen or pencil, buttoning shirts, and manipulating jewelry clasps because of diminished fine motor skills in his hands.

16. In addition, the Plaintiff's Charcot-Marie-Tooth Disease makes it difficult for him to climb ladders.

17. Despite his Charcot-Marie-Tooth Disease, prior to the Plaintiff's employment with the Defendant, the Plaintiff had significant job experience working in retail stores and in security work.

18. At the time that the Plaintiff applied for and was interviewed for a job at the Walmart Supercenter #1978, the Plaintiff also suffered from chronic coronary artery disease and had suffered a heart attack years previously.

19. At the time that the Plaintiff applied for and was interviewed for a job at the Walmart Supercenter #1978, he informed the Defendant that he was afflicted with Charcot-Marie-Tooth Disease and made them aware of his physical limitations.

20. When the Plaintiff applied for work with the Defendant, he made the Defendant aware that he was very interested in the position where employees were stationed at the front door of the store, called "People Greeter" at the time of the Plaintiff's application and more recently apparently called "Customer Host."

21. The Defendant hired the Plaintiff on March 16, 2019, but put him to work in the lawn and garden department.

22. However, at the time the Defendant hired the Plaintiff, the Defendant also promised the Plaintiff that after 6 months of employment, he would be eligible for the position of front door entrance greeter/host.

23. In the lawn and garden department, the Plaintiff was scheduled for 7 to 9 hour shifts during which he lifted bags of mulch, bags of rocks/stone, and landscape timbers.

24. Because of the deleterious effect on his physical condition, and at the instruction of his supervisor, in May 2019, the Plaintiff obtained a doctor's

report recommending limitation of the Plaintiff's work in the lawn and garden department to no more than 4 hour shifts and a 25 pound lifting restriction.

25. During approximately the same period of time, the Customer Host position became available and the Plaintiff began to inquire about being transferred to the Customer Host position.

26. One of the assistant managers of the Walmart Supercenter #1978 tested the Plaintiff's ability to operate hand-held device(s) associated with the Customer Host position and found that the Plaintiff was able to properly operate the device(s).

27. The Plaintiff was fully capable, ready, willing, and able to perform the position of Customer Host in the Walmart Supercenter #1978.

28. However, after regular inquiry about being transferred to the Customer Host position, the Plaintiff's hours in the lawn and garden department were diminished significantly by the Defendant.

29. Despite the Plaintiff's full qualification, desire, ability, and acumen to perform the Customer Host position, near the end of August 2018, the Defendant assigned the Customer Host position to a male, approximately 27 years old, with no physical disabilities.

30. As a result of his significantly reduced hours in the lawn and garden department and because he had been passed over for the Customer Host job for no apparent reason other than his physical disabilities, the Plaintiff terminated his employment with the Defendant on September 3, 2019.

31. Prior the termination of his employment on September 3, 2019, the Plaintiff's job and performance reviews were always positive and favorable.

### E. Discrimination Against the Plaintiff Based Upon Physical Disability

32. Pursuant to F.R.C.P 10 (c), the Plaintiff adopts and incorporates by reference all of the allegations contained in rhetorical paragraphs numbered 1 through 31, inclusive, as fully as though set forth in Paragraph 32 herein.

33. The Plaintiff's physical impairments cause by his Charcot-Marie-Tooth Disease and his chronic coronary artery disease are "disabilities" as defined by 42 U.S.C. § 12102 (1).

34. The Defendant is a "covered entity" as defined by 42 U.S.C. § 12111 (3).

35. The Plaintiff is an "employee" as defined by 42 U.S.C. § 12111 (4).

36. The Defendant is an "employer" as defined by 42 U.S.C. § 12111 (5).

37. The Plaintiff is an "employee" as defined by 42 U.S.C. § 12111 (8).

38. The Plaintiff's full qualification, desire, ability, and acumen to perform the Customer Host position required no "reasonable accommodation," as defined by 42 U.S.C. § 12111 (9), on the part of the Defendant.

39. The above acts and omissions by the Defendant, constitutes discrimination against the Plaintiff on the basis of disability in regard to his employment in violation of 42 U.S.C. § 12112.

40. As a direct, proximate, and probable result of the acts and omissions of the Defendant alleged herein, the Plaintiff has suffered emotional and economic harm and damages.

41. The Plaintiff has been compelled to employ counsel to represent him in this matter and is entitled to an award of his reasonable attorneys in addition to the other relief sought by the Plaintiff pursuant to 42 U.S.C. § 12117 and the enforcement provisions of 42 U.S.C. § 2000e-5.

WHEREFORE, the Plaintiff prays the Court for judgment herein against the Defendant for damages reasonable to compensate him for back-pay, front-pay, and general damages; for his reasonable attorneys' fees; for his costs in this action; and for such other relief as is appropriate in the premises.

Thomas R. Hamilton Law Office, P.C.

/S/ THOMAS R. HAMILTON (8330-20)
Attorney for the Plaintiff
P.O. Box 2855
INOVA Credit Union Bldg.
358 S. Elkhart Avenue-Suite 400
Elkhart IN 46516
Phone: 574-296-7600
FAX:   574-343-2311
Email Address:      thamilton@thamiltonlawoffice.com

## DEMAND FOR TRIAL BY JURY

The Plaintiff, pursuant to F.R.C.P. 38, respectfully demands that the above entitled cause of action be tried to a jury.

Thomas R. Hamilton Law Office, P.C.

/S/ THOMAS R. HAMILTON (8330-20)
Attorney for the Plaintiff
P.O. Box 2855
INOVA Credit Union Bldg.
358 S. Elkhart Avenue-Suite 400
Elkhart IN 46516
Phone: 574-296-7600
FAX:    574-343-2311
Email Address:     thamilton@thamiltonlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the above and foregoing Complaint was served upon the following on May 19, 2020 via first class United States mail, postage pre-paid:  Jamie N. Rotteveel, Attorney for the Defendant, Littler Mendelson, P.C., Global Services Center, 2301 McGee Street, Suite 800, Kansas City MO 64108.

/S/ THOMAS R. HAMILTON (8330-20)
Attorney for the Plaintiff